Judge Lane
stated the case, and delivered the opinion of the court:
The plaintiff complains of the defendant for, that he made his promissory note, and delivered it to J. J. & S. R. Minor, thereby promising to pay to them or bearer three hundred and twenty-one dollars and fifty-six- cents and interest, on or ^before March, 1835, which period has elapsed; that the said J.- J. & S. E. Minor have delivered the same tq the plaintiff, of which the defendant had notice, by which he became liable to pay the same, and in consideration thereof promised, etc.
The case was tried by the jury upon the issue of non assumpsit, and the plaintiff produced the note, without any proof of the consideration upon which it came to his hands. The jury were instructed by the court that the production of the note was sufficient proof of his right to recover, and they rendered a verdict in his favor. The defendant moves for a new trial, because no proof of consideration for the transfer was- offered, and likewise in arrest, because the declaration contains no averment of any such consideration.
The authority to show the necessity of this averment and proof is found in 11 Ohio, 228, where it is said by the court that “ it must be stated by the plaintiff as a part of his title, and proved at the trial that the note was delivered for a valuable consideration, or acquired in the usual course of business.” In our opinion these requisitions are sufficiently satisfied in the case before us. We have examined the precedents of declarations in suits upon notes by the bearer, and find the substantial averments are con *532 tained in that before us, 3 Chit. PI. 15, 16, 29; and we hold the plaintiff producing the note is presumed to be the lawful holder, and may recover without further proof, unless it be shown that he acquired it fraudulently, or under suspicious circumstances. It would form an inconvenient and unnecessary restraint upon the negotiations of checks and notes, which are circulated like cash, to require the holder to furnish other proof than the production of the paper to enable him to sustain a suit.
Motion overruled.
Judgment for plaintiff.'